**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF NORTH CAROLINA**

|  |  |
|---|---|
| UNITED STATES OF AMERICA, | ) |
|  | )    DOCKET NO. 7:21-CR-135-1M |
| Plaintiff, | ) |
|  | ) |
| vs. | ) |
|  | ) |
| BRANDON MCMILLAN, | ) |
|  | ) |
| Defendant. | ) |

**TRANSCRIPT OF INITIAL APPEARANCE**
**BEFORE MAGISTRATE JUDGE ROBERT T. NUMBERS, II**
**TUESDAY, NOVEMBER 23, 2021; 10:23 A.M.**
**RALEIGH, NORTH CAROLINA**

**FOR THE GOVERNMENT:**
    United States Attorney's Office
    By:  Chad E. Rhoades, AUSA
        Kelly L. Sandling, AUSA
    150 Fayetteville Street, Suite 2100
    Raleigh, North Carolina 27601

**FOR THE DEFENDANT:**
    Federal Public Defender
    By:  Jennifer Leisten, Esq.
        Andrew DeSimone, Esq.
    150 Fayetteville Street, Suite 450
    Raleigh, North Carolina 27601

Audio Operator:                 CLERK'S OFFICE PERSONNEL

eScribers, LLC
7227 N. 16th Street
Suite 207
Phoenix, AZ 85020
800-257-0885
www.escribers.net

Proceedings recorded by electronic sound recording; transcript produced by transcription service.

P R O C E E D I N G S

THE CLERK: All rise. Court is now in session. The Honorable Judge Robert T. Numbers presiding. Be seated.

THE COURT: Good morning, everyone.

MS. LEISTEN: Good morning, Your Honor.

THE COURT: We are here in the United States District Court for the Eastern District of North Carolina, sitting in Raleigh for a preliminary criminal proceedings. I'm United States Magistrate Judge Robert Numbers.

Would counsel please identify themselves for the record, beginning with counsel for the United States.

MS. SANDLING: Good morning, Your Honor. Counsel for the Government, Kelly Sandling.

MR. RHOADES: Morning, Your Honor. Chad Rhoades, United States.

THE COURT: And for the Federal Public Defender's Office?

MS. LEISTEN: Yes. Good morning, Your Honor. Jenny Leisten for the Federal Public Defender's Office. I'd also like to introduce you to Andrew DeSimone. He's a new appellate attorney in our office.

THE COURT: Welcome, Mr. DeSimone.

MR. DESIMONE: Nice to meet you.

THE COURT: We are going to begin this morning in the cases of United States of America v. Don Leon Alford, case

www.escribers.net | 800-257-0885

Colloquy

5:21-cr-402; United States of America v. Jordan Buckelew, case number 7:21-cv-22; United States of America v. Jimmy Evans Lambert, 7:21-cr-40; United States v. Paul Locklear, Jr., 7:21-cr-117; United States of America v. Brandon McMillan, 7:21-cr-135; United States of America v. Derek Alonzo Leslie, 7:21-mj-1058.

Defendants, we're here today for your initial appearances. What that means is your cases are not going to be resolved today but instead we're here to advise you of the nature of the charges against you and some of the important rights you have under the Constitution and laws of the United States.

To begin with, you each have the right to remain silent. What that means is that no one can require you to answer any questions or make any statements about the charges you're facing. If you've already made a statement, you need not make any additional statements. And if you begin to make a statement, you may stop at any time. You may waive your right to remain silent and if you do so anything you say may be used against you. Additionally, you each have the right to be represented by an attorney at all stages of a criminal proceeding. This includes all questioning by the authorities, all lineups, and all court proceedings, including today's proceeding. If you're unable to afford an attorney, the Court will appoint one for you.

www.escribers.net | 800-257-0885

Mr. Alford, would you like court appointed counsel?

DEFENDANT ALFORD: No.

THE COURT: And Mr. Buckelew, would you like court appointed counsel?

DEFENDANT BUCKELEW: No.

THE COURT: And Mr. Lambert?

DEFENDANT LAMBERT: Yeah.

THE COURT: Mr. Locklear? Sir?

DEFENDANT LOCKLEAR: (Indiscernible).

THE COURT: Mr. McMillan?

THE DEFENDANT: Yes, sir.

THE COURT: And Mr. Leslie?

DEFENDANT LESLIE: (Indiscernible).

THE COURT: All right. Gentlemen, for each of you, I've reviewed the financial affidavits that you've completed and find that you are entitled to the appointment of counsel. Based upon that finding, I'll appoint the Federal Public Defender's office to represent each of you.

Here today from the Federal Public Defender's Office is Ms. Leisten and Mr. DeSimone. If you have any questions during today's proceedings, just raise your hand and we'll pause so you can speak with them about whatever your concerns are. I'll also give you an opportunity before court ends today to speak with them if you have any questions.

Going forward, their office may assign a different

www.escribers.net | 800-257-0885

attorney to work with you or under certain circumstances, your case may be referred out to an attorney in private practice who's agreed to work with defendants who are appointed counsel.

Now, for the defendants, other than Mr. Leslie, you are here today because you've been indicted. What that means is the Government presented its allegations to a grand jury, and the grand jury found probable cause to believe that a crime was committed and that you were the one that committed it.

Mr. Alford, you are charged in a number of counts. Count I, charges you with conspiracy to distribute and possess with the intent to distribute fifty grams or more of a mixture and substance containing methamphetamine. If convicted of that offense, you face penalties that include at least five years in prison and up to forty years in prison. If you have committed this offense after a prior conviction for a serious drug felony or serious violent felony that's become final and the United States filed a Section 851 enhancement, you will face enhanced penalties that include at least ten years in prison and up to life in prison.

Counts II, III, VI, and IX each charge you with distribution of a quantity of methamphetamine. For each count you face penalties that include up to twenty years in prison. Again, if you've committed this offense after a prior

conviction for a felony drug offense has become final and the Government files a Section 851 notice, you would then face enhanced penalties on each count, which would include up to thirty years in prison.

Count IV charges you have possession of a firearm in furtherance of a drug trafficking crime. If convicted of that offense, you face penalties that include at least five years in prison and up to life in prison to be served consecutive to any other sentence imposed. If you committed that offense after a prior violation under the same subsection became final, the penalty would increase to at least twenty-five years in prison and up to life in prison to be served consecutive to any other sentence imposed.

Count V charges you with possession of a firearm by a convicted felon. If convicted of that offense, you face up to ten years in prison, among other penalties. If you are found to be an armed career criminal, you would face enhanced penalties that include at least fifteen years in prison and up to life in prison.

Finally, Counts VII and VIII charge you with distribution of fifty grams or more of a mixture and substance containing methamphetamine. If convicted of those offenses, for each one you face penalties that include at least five years in prison and up to forty years in prison. And again, if you've committed the offenses after a prior conviction for

www.escribers.net | 800-257-0885

a serious drug offense or serious violent felony has become final and the Government files a Section 851 notice, then you would face enhanced penalties, including at least ten years in prison and up to life in prison.

Mr. Alford, do you understand the nature of the charges against you and the penalties I've discussed?

DEFENDANT ALFORD: Yes, sir.

THE COURT: Mr. Buckelew, you are charged with one count of being a felon in possession of ammunition. If convicted of that offense, you face penalties that include up to ten years in prison. If you are found to be an armed career criminal, you would face certain enhanced penalties that include at least fifteen years in prison and up to life in prison. Do you understand the nature of the charge against you and the penalties I've discussed?

DEFENDANT BUCKELEW: Yes, sir.

THE COURT: Mr. Lambert, you are charged with possession of a firearm by a prohibited person. If convicted of that offense, you face penalties that include at least ten years -- I'm sorry, up to ten years in prison. If you're found to be an armed career criminal, you would then face enhanced penalties, including at least fifteen years in prison and up to life in prison. Do you understand the nature of the charges against you and the penalties I've discussed?

DEFENDANT LAMBERT: Yes, sir.

THE COURT: Mr. Locklear, you are charged in multiple counts. Counts I, II, V, VI, and VII, each charge you with possession of a firearm by a convicted felon. For each offense, you face up to ten years in prison, among other penalties. If you are found to be an armed career criminal for each offense, you would then face penalties that include at least fifteen years in prison and up to life in prison.

Count III charges you with maintaining a drug premises. If convicted of that offense, you face penalties that include up to twenty years in prison.

And Count IV charges you with possession of a firearm in connection with a drug trafficking crime. If convicted of that offense, you would face penalties that include at least five years in prison and up to life in prison to be served consecutive to any other sentence imposed. If you committed this offense after a prior violation under the same subsection had become final, you would then face an enhanced penalty of at least twenty-five years in prison and up to life in prison again, to be served consecutive to any other sentence imposed. Do you understand the nature of the charge against you and the penalties I've discussed?

DEFENDANT LOCKLEAR: Yes, sir.

THE COURT: Mr. McMillan, you are charged with possession of a firearm by a convicted felon. Again, if you are found to have committed that crime, you would face

www.escribers.net | 800-257-0885

penalties that include up to ten years in prison. If you are found to be an armed career criminal, you would face certain enhanced penalties that include at least fifteen years in prison and up to life in prison. Do you understand the nature of the charge against you and the penalties I have discussed?

THE DEFENDANT: Yes, sir.

THE COURT: Mr. Leslie, you are charged through a criminal information with a series of misdemeanors. Count I charges you with simple possession of a controlled substance. The maximum penalty you could face for that crime is one year in prison.

Count II charges you also with simple possession of a controlled substance. Again, the maximum penalties include up to one year in prison.

And Count III charges you with possession of drug paraphernalia. If convicted of that offense, you'd face up to 120 days in prison, among other potential penalties. Sir, do you understand the nature of the charges against you and the associated penalties?

DEFENDANT LESLIE: Yes, sir.

THE COURT: Is the United States seeking detention in any of these cases?

MR. RHOADES: Yes, Your Honor. In the Buckelew matter, the Lambert matter, the Locklear matter, and the McMillan matter we are seeking detention in those cases.

www.escribers.net | 800-257-0885

THE COURT:  All right.  For those defendants, the United States has requested that you be detained pending further proceedings in your case.  The Court will consider that motion at a hearing that will take place next Tuesday, November 30th, 2021, at 10:00 a.m. in the 6th floor courtroom here in Raleigh.  The law requires you be held in custody until the hearing takes place.  So at the end of today's preceding, I'll be remanding you back to the custody of the U.S. Marshals.

For Mr. Alford and Mr. Leslie, you'll be released at the conclusion of today's proceedings after final processing on a series of conditions.

Ms. Leisten, have you had a chance to review these proposed conditions?

MS. LEISTEN:  I have not, Your Honor.

THE COURT:  All right.  Well, I'll review them and if you wish to be heard on them at all, we can then discuss that.

MS. LEISTEN:  Thank you, Your Honor.

THE COURT:  For both defendants, they will be subject to the following conditions.  They may not violate any federal, state, or local law while on release.  They must cooperate in the collection of a DNA sample if such a collection is authorized by federal law.  They must advise the Court or the probation office in writing before making any change of residence or telephone number.  They must appear in

court as required, and if they are convicted, they must surrender as directed to serve any sentence the Court may impose. Those are all the conditions will apply to Mr. Leslie.

Mr. Alford has additional conditions. He must submit to supervision by the U.S. Probation Office. He must continue to be employed or actively seek employment. His travel will be restricted to the Eastern District of North Carolina. He may not possess a firearm, destructive device, or other weapon. You may not use alcohol excessively. He may not use or lawfully possess illegal drugs. He must submit to drug testing if required by the probation office and must participate in a program of drug treatment or therapy if required by the probation office. He must also report as soon as possible to the probation office every contact he has with law enforcement personnel, including arrests, questioning or traffic stops.

Ms. Leisten, do you wish to be heard on any of those conditions?

MS. LEISTEN: No, Your Honor. Thank you.

THE COURT: All right.

Gentlemen, there are serious penalties for violating any of these conditions. If you fail to appear in court as required, that is a crime for which you can be sent to prison. If you violate any of these conditions, you may be jailed

Colloquy

until your trial.  If you commit a crime while on release, you may receive a more severe punishment than you would receive for committing the same crime at any other time.  And it's a crime to try to influence a juror, to threaten or attempt to bribe a witness or other person who may have information about your case, to retaliate against anyone for providing information about your case or to otherwise obstruct the administration of justice.

I'm going to ask that, Ms. Leisten, that you or Mr. DeSimone approach, please, to retrieve these forms and have your clients execute them on the last page where indicated, please.

(Pause)

MS. LEISTEN:  (Inaudible).

THE COURT:  You may.

The defendants have both executed these forms in open court after speaking with their attorneys.  I will now execute the order and authorize their release at the conclusion of today's proceedings after any final processing.

Mr. Alford will need to visit with the probation officer on the 6th floor in the courthouse upon his release from custody.

Mr. Leslie, your next court appearance will be at the U.S. District Court in Wilmington on December 9th, 2021, at 10:00 a.m.

Colloquy

Additionally, for the defendants for whom the Government moved for detention, those are actually Wilmington matters. So those will be heard before Judge Jones on December 2nd at 10:30, that will be the date for those proceedings.

If any of the defendants are not United States citizens, they may request that an attorney for the Government or a federal law enforcement official notify a consular officer from their country of nationality that they've been arrested. The notification may take place even without their request, if required by a treaty or international agreement.

And finally, the Court reminds the United States that under Brady v. Maryland, the suppression by the prosecution of evidence favorable to an accused violates due process where the evidence is material, either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution. Failure to adhere to this requirement may result in serious consequences up to and including vacating a conviction or disciplinary action against the prosecution.

All right. Before we conclude, I want to confirm with each defendant that they've heard and believe they've understood everything I've said today.

Mr. Alford? Sir?

DEFENDANT ALFORD: Yes, sir.

THE COURT: And Mr. Buckelew?

www.escribers.net | 800-257-0885

DEFENDANT BUCKELEW:  Yes, sir.

THE COURT:  Mr. Lambert?

DEFENDANT LAMBERT:  Yes, sir.

THE COURT:  Mr. Locklear?

DEFENDANT LOCKLEAR:  Yes, sir.

THE COURT:  Mr. McMillan?

THE DEFENDANT:  Yes.

THE COURT:  And Mr. Leslie?

DEFENDANT LESLIE:  (Inaudible).

THE COURT:  All right.  If any defendant has a question for their attorney at this time, please raise your hand.  Seeing no hands raised.

Anything further for the United -- it appears Mr. Lambert has a question.

DEFENDANT LAMBERT:  (Indiscernible).

THE COURT:  All right.

And Mr. Buckelew, did you have a question?

DEFENDANT BUCKELEW:  No, sir.

THE COURT:  I'm sorry.

DEFENDANT BUCKELEW:  No, sir.

THE COURT:  All right.

Anything further in the United States?

MS. SANDLING:  No, Your Honor.

THE COURT:  Anything further from the defense?

MS. LEISTEN:  Not at this time.  Thank you, Your

www.escribers.net | 800-257-0885

Colloquy

Honor.

THE COURT:  All right.  That concludes the proceedings for these defendants.  They are remand to the custody of U.S. Marshals.

Mr. Alford and Mr. Leslie should be released upon conclusion of final processing, according to the conditions set out in my order.  And we'll be in recess.

THE CLERK:  All rise.

(Court is adjourned)

* * * * *

www.escribers.net | 800-257-0885

CERTIFICATE OF TRANSCRIBER

I, Jennifer A. Valentine, court-approved transcriber, in and for the United States District Court for the Eastern District of North Carolina, do hereby certify that pursuant to Section 753, Title 28, United States Code, that the foregoing is a true and correct transcript from the official electronic sound recording of the proceedings held in the above-entitled matter and that the transcript page format is in conformance with the regulations of the Judicial Conference of the United States.

Dated this 22nd day of June, 2023.

/s/ _____

JENNIFER A. VALENTINE

COURT-APPROVED TRANSCRIBER