UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

_____ )
UNITED STATES OF AMERICA,        )
                                 )
            vs.                  )
                                 )          7:21-CR-135-M
BRANDON McMILLAN,                )
                                 )
                Defendant.       )
_____ )


APRIL 28, 2023
PUBLIC TRANSCRIPT OF SENTENCING HEARING
BEFORE THE HONORABLE RICHARD E. MYERS II
UNITED STATES CHIEF DISTRICT JUDGE

**(PURSUANT TO STANDING ORDER 22-SO-1, PORTIONS OF
ALL GUILTY PLEA AND SENTENCING TRANSCRIPTS ARE RESTRICTED)**


<u>APPEARANCES:</u>

<u>On behalf of the Government:</u>

TYLER LEMONS, ESQ.
U.S. Attorney's Office
150 Fayetteville Street, Suite 2100
Raleigh, North Carolina 27601


<u>On behalf of the Defendant:</u>

HAYES LUDLUM, ESQ.
Ludlum Law Firm
P. O. Box 711
Warsaw, North Carolina 28398


Carolyn E. High, Court Reporter
4979 Lake Wendell Road
Zebulon, North Carolina 27597
919-630-2987 / cissyhigh@nc.rr.com
Stenomask with computer-aided transcription

(Proceedings commence on Friday, April 28, 2023, at 11:33 a.m. in the matter of *United States v. Brandon McMillan,* in the presence of the Defendant.)

THE COURT: The Clerk will please call the case.

THE CLERK: *United States v. Brandon McMillan.*

THE COURT: Counsel, please state your appearance for the record.

MR. LUDLUM: Hayes Ludlum on behalf of Mr. McMillan.

MR. LEMONS: Good afternoon, Your Honor. Tyler Lemons for the United States Government.

THE COURT: Good morning, Mr. McMillan. If you could please stand so the Clerk can administer the oath.

THE CLERK: Raise your right hand, put your left hand on the Bible. Please state your name for the record.

THE DEFENDANT: Brandon McMillan.

(The Defendant, Brandon McMillan, was duly sworn by the Clerk.)

THE COURT: Mr. McMillan, have you taken any substance in the last 48 hours that would affect your ability to hear and understand these proceedings today?

THE DEFENDANT: No, sir.

THE COURT: Do you understand what's happening here today?

THE DEFENDANT: Yes, sir.

THE COURT: Mr. Ludlum, do you have any doubt about

your client's competence to proceed today?

MR. LUDLUM:  No, sir, Your Honor.

THE COURT:  Mr. Lemons, does the United States have any such doubt?

MR. LEMONS:  No, Your Honor.

THE COURT:  Based on this Court's questions and the Defendant's and counsel's answers, this Court finds that the Defendant is competent to be sentenced today.  Mr. McMillan, in light of some cases from the Supreme Court of the United States, including the *Booker, Rita, Gall, Spears, and Nelson* cases, the sentencing guidelines are no longer mandatory they are advisory.  Nevertheless, in accordance with those Supreme Court cases as well as a number of decisions from the Fourth Circuit Court of Appeal that interpret those cases, this Court still must take into account the now-advisory guidelines.

The Court does this by initially ruling on any objections and making findings of fact.  Next, the Court will calculate an advisory guidelines range.  The Court then will consider any motion that might move that range either up or down.  Next the Court will consider all arguments that your lawyer makes concerning your sentence, both in court and in any motion or memorandum, any statement you would like to make concerning your sentence, any victim allocution if one appears, and the arguments of the Assistant United States Attorney both

in court and in any motion or memorandum. I'll then give your attorney an opportunity to respond. And finally, after some discussion of my own regarding the arguments presented and the sentencing factors, I will announce your sentence in open court. That's the process we follow.

Mr. Ludlum, did you receive a copy of the Defendant's presentence report?

MR. LUDLUM: Yes, sir.

THE COURT: Mr. McMillan, have you discussed your presentence report with your attorney?

THE DEFENDANT: Yes, sir.

THE COURT: Do you have any objections to the report that were not raised by your attorney?

THE DEFENDANT: No, sir.

THE COURT: You may have a seat. The presentence report shall be placed in the record under seal. In accordance with Rule 32 of the Federal Rules of Criminal Procedure, the Court accepts as accurate the presentence report except as to matters in dispute as set forth in the addendum. The Court notes the addendum contains no objections from the United States and no objections from the Defendant. Based on the record and governing law, the Court calculates the advisory guideline range applicable to the Defendant's case as follows: Total offense level is 40, criminal history is IV. The advisory guideline range is 120 months. The Court notes that

were it not for the statutory impact in this case the guideline imprisonment range would have been 360 months to life.  There were two stipulations in the plea agreement which are not binding on the Court.  The first is that the maximum downward adjustment for acceptance of responsibility is warranted, and the second is a stipulation regarding concurrent sentencing with regard to docket numbers 17-CR-050651 through 17-CR-050656, which are the state court matters associated with this case.

Mr. Ludlum, do you have any objections to the guideline computation arrived at by the Court?

MR. LUDLUM:  No, Your Honor.

THE COURT:  Mr. Lemons, does the United States have any such objection?

MR. LEMONS:  No, Your Honor.

THE COURT:  The guideline computation was arrived at as follows:  base offense level is 43, there are no specific offense characteristics adjustment, no victim-related adjustment, no adjustment for role in the offense, no adjustment for obstruction of justice, adjusted offense level subtotal is 43.  There's no Chapter 4 enhancement.  There's been a three-point credit for timely acceptance of responsibility which has led to a total offense level of 40. Sentencing options available to the Court are as follows:  the statute provides for zero to 10 years in custody.  The

guidelines call for 120 months pursuant to statutory cap. As for supervised release, Count 1 carries a term of zero to three years on supervised release by statute, the guidelines recommend one to three years. The statute would make one to five years' probation possible. The guidelines would render this Defendant ineligible for probation. The maximum statutory fine is $250,000, the guidelines range is 50,000 to $250,000. Restitution is not applicable and there's a mandatory special assessment of $100 under both the statute and the guidelines.

Mr. Ludlum, I'll hear from you now if you have any remarks on behalf of your client concerning 3553 factors.

MR. LUDLUM: Thank you, Your Honor. Your Honor, like so many that appear before this Court, Brandon's upbringing was rough to say the least. As is noted in the presentence report, his mother was a drug addict who gave him up at approximately six weeks old. His father was an alcoholic and a drug addict. He moved in with his grandmother until the age of 13 when she passed away. After that he kind of bounced around with family members and was raised between various family members and basically the streets of Robeson County, Judge.

At age 14 he was stabbed. At age 16 he committed his first felony. In fact, if you look at his biography page, page 2 of the presentence report, you'll see that he has two scar -- bullet wound scars, one to his back and one to his right arm. Judge, his sister was killed -- shot and killed

in 2010. His half-brother was shot and killed in 1998. I say all that to say the story of Brandon McMillan is somewhat of a tragic story. I would say that Brandon is a product of his environment.

Judge, he is before you today accepting responsibility. He has come before Your Honor and pled guilty knowing that 10 years is what he's getting and he has saved the government the expense of challenging a trial when he certainly could have done that. The only thing we're asking, Judge, is that you honor the agreement we have with the government and that is run it concurrent with whatever state sentence he gets. I will tell the Court that his state murder charges are still pending. There have been no plea offers made in that case. It has been declared noncapital.

One of his codefendants has pled guilty. We don't know if that's a cooperation plea or not. We don't know if the state is positioning itself to try the case against Brandon, but I can say there have been no plea offers made to him so far. So we would ask Your Honor to consider -- you know, we're not asking for anything less than the 10 years, but we would ask you to consider allowing it to run concurrent. Now obviously, I think a state judge would still have to order the same thing for it to truly take effect, but, Judge, other than that, we would ask that you recommend Bennettsville. Thank you, sir.

THE COURT: Thank you.

Mr. Lemons? Hang on a second. I'm sorry. I'm getting ahead of myself.

Mr. McMillan, this is your opportunity to tell me anything you'd like me to know as I consider your sentence.

THE DEFENDANT: Well, sir, I just want to -- I really don't have much to say. I just want to say I apologize to the Courts and to my family and have mercy. Thank you.

THE COURT: All right. Thank you, sir.

Mr. Lemons?

MR. LEMONS: 120 months is the appropriate sentence based on offense conduct. It is a tragic story, but it is -- there's no excuse or explanation for the conduct at issue here and despite the tragedy in his family, there's another way to go. If people around you get shot, if you get shot, stop touching, being around guns. And that didn't work here and went the other way. And there's a dedication and a seemingly off the record casualness with letting loose rounds in Robeson County which is a problem. So the public needs to be protected. 120 months is one way we can assure that. Thank you, Your Honor.

THE COURT: Mr. Ludlum, any response?

MR. LUDLUM: No, Your Honor.

THE COURT: All right. All right. Here's what happens next. In keeping with Fourth Circuit precedent, I will

recount briefly the arguments made by counsel. I will discuss my own application of the 3553 factors, and then at the appropriate time, Mr. McMillan, I will tell you to stand and I'll formally pronounce your sentence.

The arguments in this case were short and it's been said many times that life is not fair and, Mr. McMillan, your life has not been fair. It's not fair that you have to grow up with the loss of both your parents, essentially, to drug addiction or alcoholism. I'm sorry that you lost your grandmother and the stable home when you were a teenager. It's just not fair that you had to bounce around the way that Mr. Ludlum has described.

There's not been much discussion of the offense conduct. The Court has read the offense conduct very carefully and Mr. McMillan accepts the statutory maximum by argument; the guidelines would have called for a 360-month sentence as the bottom of the guidelines range. And this is someone who is acutely aware of gun violence having lost family members to gun violence and having been shot himself multiple times.

This Defendant has also shot and killed two people and engaged in an armed robbery which resulted in the shooting death of a third person in which he discharged a firearm into the engine block of the vehicle and that's the underlying conduct for this offense and that was to engage in a group effort to rob a drug dealer of both cash and drugs. And from

everything apparent, this person was sufficiently known to the participants in the armed robbery that they would know that he was carrying drugs. They would know he was carrying cash. And under the circumstances, it takes no logical leap to expect that they would also know that that person was carrying a firearm. So when that armed robbery resulted in the ultimate shooting death of the drug dealer, it would come as no surprise to anyone that this escalated to that point.

The request has been made to honor the plea agreement with the stipulation on concurrence. Mr. Ludlum recognizes that the state court will have a say in that as well, but otherwise the parties understand that this is going to be a 120-month federal sentence.

Mr. Ludlum, have I missed any significant arguments on your part?

MR. LUDLUM: No, sir. I think that captures it, Judge.

THE COURT: This Court recognizes its obligation under Section 3553(a) to impose a sentence that is sufficient but not greater than necessary to comply with the purposes set forth in Section 3553(a). I've considered all the arguments defense counsel has made, the Defendant's allocution, and the arguments of the Assistant United States Attorney. Recognize that the sentencing guidelines are advisory, they are not mandatory. In this case the sentencing guidelines would far

outstrip the statutory maximum in this case.

I take the guidelines seriously and one part of the guidelines that I take seriously is United States Sentencing Guideline Section 5G1.3(c) which recommends -- it says: Where there is an anticipated sentence that is sufficiently certain, that judgment shall run concurrently to any term of imprisonment issued in the federal case and it is the stipulation between the parties. It is unusual for this Court to vary, but I'm going to vary in this case. I am going to make no finding as to concurrent or consecutive. I will leave that judgment ultimately to the judgment of the state judge who sits and decides whether or not, after all the evidence has come in in that case, if the punishment is warranted on his part to run consecutive or concurrent. I haven't heard the full story of this case. And I recognize the stipulation between the parties and this Court honors them in most cases, but this case is too complex and the violence is too significant for this Court to be able to find itself fully apprised of this Defendant's conduct relative to that shooting.

The Court also notes that in this case this Defendant had previously received a 240-month sentence from Judge Britt for felon in possession of a firearm based on two counts. Those were subsequently discharged and the Defendant was released after an appellate court finding that notwithstanding

the fact that the underlying felonies were state felonies at the time that that conviction was achieved, because they were not sentences for conduct that was for greater than a year, they were for conduct that was up to a year, they did not qualify as a felony.  So this case is, as a matter of sentencing, significantly more complex than the run-of-the-mine case that appears before the Court.  Therefore, I'm not going to order it consecutive, I'm not going to order it concurrent.  I will leave that to the sound discretion of the trial judge in Robeson County.

I have considered the relevant factors under Title 18, United States Code Section 3553(a) including the nature and circumstances of the offense and the history and characteristics of the Defendant.  As Mr. Ludlum outlined, no child should have to be raised with the losses that Mr. McMillan suffered and I am deeply sorry for that.  And as I stated, this is somebody who is intimately familiar with the dangers of gun violence both with its effect on him as a victim and with his participation in discharging firearms on multiple occasions including two in which he shot and killed a human being.  I've considered the need for the sentence imposed to reflect the seriousness of the offense, promote respect for the law, and provide just punishment for the offense.  The 120-month statutory sentence will do that.  The need to afford adequate deterrence to criminal conduct and protect the public

from further crime of the Defendant, the statutory sentence will do that -- or the statutory maximum sentence will do that. I recognize the need to provide the Defendant with needed education or vocational training, medical care, or other correctional treatment in the most effective manner.

Mr. Ludlum, substance abuse and mental health treatment?

MR. LUDLUM: Yes, Your Honor.

THE COURT: All right. I will recommend that he receive the most intensive substance abuse treatment available and that he receive a full mental health evaluation and any appropriate treatment, and that he be assigned to FCI Bennettsville as the facility closest to family. I will make all of those recommendations. I recognize the need to avoid unwarranted sentence disparity as most defendants with similar records being found guilty of similar conduct. Again, the guidelines call for a guidelines range of 360 to life; 120 months is the statutory maximum. So anybody who's committed 922(g) offense with this record is going to be looking at the same sentence. The only disparity here is the Court's variance to not run it concurrent. The Court varies on the basis of the fact the Court finds it has insufficient evidence regarding the underlying conduct to fully apprise itself of whether that's an appropriate outcome.

Mr. McMillan, you may stand. I'm going to formally

pronounce your sentence. Except as heretofore stated, the Court finds the bases for the findings contained in the presentence report credible and reliable, therefore the Court adopts those findings. Based on those findings, the Court has calculated the imprisonment range prescribed by the advisory sentencing guidelines. The Court has considered that range as well as other relevant factors set forth in the advisory sentencing guidelines and those set forth in Title 18 United States Code Section 3553(a). Further, the Court adopts and imposes the applicable special conditions of supervision referenced in the presentence report. Pursuant to the Sentencing Reform Act of 1984 and in accordance with the Supreme Court's decision in *United States v. Booker*, it is the judgment of this Court that the Defendant, Brandon McMillan, is committed to the custody of the Bureau of Prisons to be imprisoned for a term of 120 months.

The Court recommends the Defendant receive placement in the most intensive drug abuse treatment program available at the facility to which he's assigned; that he receive a full mental health evaluation and any appropriate treatment; that he receive any vocational training for which he is eligible and in which he's interested; and that he be placed at FCI Bennettsville as the facility that's closest to his family. Upon release from imprisonment, the Defendant shall be placed on supervised release for a term of three years.

Further, after careful consideration of the provisions of Title 18, United States Code Section 3583(d), the sentencing factors outlined in Title 18 United States Code Section 3553(a), and the conditions now imposed, the Court orders that Defendant shall comply with the mandatory and standard conditions of supervision adopted in the Eastern District of North Carolina as referenced in the standing order. The Defendant shall also comply with the following special conditions which are imposed based on the statutory requirements, the nature of the instant offense, the Defendant's possession of firearms, his substance abuse history, the Defendant's need -- I'm sorry -- the Defendant's history of mental health issues, his need for vocational training, the Defendant's need to support his dependents, and for the adequate supervision of the Defendant based on the aforementioned issues.

The Defendant shall participate as directed in a program approved by the probation office for the treatment of narcotic addiction, drug dependency, or alcohol dependency, which will include urinalysis testing or other drug detection measures and may require residence or participation in a residential treatment facility. Defendant shall participate in a program of mental health treatment as directed by the probation office. Defendant shall participate in such vocational training program as may be directed by the probation

office.  Defendant shall submit to a search at any time with or without a warrant and by any law enforcement or probation officer of the Defendant's person and any property, house, residence, vehicle, papers, computer, other electronic communication or data storage devices or media and affects upon reasonable suspicion concerning a violation of the condition of supervised release or unlawful conduct by the Defendant, or if a search by any probation officer in the lawful discharge of the officer's supervision functions.  The Court imposes this condition under its authority to impose any condition set forth as a discretionary condition of probation in Section 3563(b), and any other condition it considers to be appropriate subject to requirements in one through three of Title 18, United States Code Section 3583(d).  The Court finds that a search condition reasonably related to the nature and circumstance of the offense, the history and characteristics of the Defendant, the need to protect the public from future crimes of the Defendant. The Court specifically notes that this Defendant has repeatedly rearmed himself.  I understand that he's been a victim of violent crime and there may be some perceived need for self-defense, nonetheless, this Defendant is barred from possessing firearms.

The Defendant shall support his dependents.  It's further ordered the Defendant shall cooperate in the collection of DNA as directed by the probation officer.  It's further

ordered the Defendant shall pay the United States a special assessment of $100 which shall be due immediately.  Although provisions of the Victim and Witness Protection Act are applicable, as there was no identifiable victim associated with this offense, restitution is waived.  The Court finds that Defendant does not have the ability to pay a fine in addition to supporting his dependents, therefore no fine is being imposed.

Furthermore, the Court notes that a preliminary order of forfeiture of property was entered in this case on April 26, 2023, with respect to the following properties:  one Colt model New Agent Series 90 .45 caliber pistol bearing serial number GT01883, and any and all associated ammunition.  This preliminary order of forfeiture becomes final as to Mr. McMillan today at his sentencing.

Brandon McMillan, you can appeal your conviction if you believe that your guilty plea was somehow unlawful or involuntary, or if there's some other fundamental defect of the proceedings that was not waived by your guilty plea.  You also have the statutory right to appeal your sentence under certain circumstances, particularly if you think the sentence is contrary to law.  However, a defendant may waive those rights as part of a plea agreement when you've entered into a plea agreement which waives some or all of your rights to appeal a sentence itself.  Such waivers are generally enforceable, but

if you believe the waiver is unenforceable you can present that theory to the appellate court.

With few exceptions, any notice of appeal must be filed within 14 days of judgement being entered on the docket in your case. If you are unable to pay the cost of an appeal, you may apply for leave to appeal in forma pauperis. If you so request, the Clerk of the Court will prepare and file a notice of appeal on your behalf. The Court also announces that if it has miscalculated the advisory guideline range in any way or erroneously departed or failed to depart in any way, that the Court would impose the same sentence as an alternative variant sentence in light of all the Section 3553(a) factors that I have discussed. This is the sentence sufficient but not greater than necessary in this case.

The Court notes for the record the -- I think the presentence report refers to a 120-month prior sentence. It was, in fact, a 240-month prior sentence or two 120-month sentences that ran concurrent in Judge Britt's prior conviction. The Court also notes that it does not vary lightly to not run this concurrent. I recognize it was negotiated between the parties. I simply cannot find on the record before me that I want to reduce the opportunity for the sentencing judge in the state case to make any appropriate findings.

Anything further from the United States, Mr. Lemons?

MR. LEMONS: No, Your Honor.

THE COURT: Anything further, Mr. Ludlum?

MR. LUDLUM: No, sir. Thank you.

THE COURT: All right. The Defendant is remanded to the custody of the United States Marshal.

(Proceedings concluded at 11:57 a.m.)

_____

(END OF TRANSCRIPT.)

_____

NORTH CAROLINA
JOHNSTON COUNTY

I CERTIFY THAT THE FOREGOING IS A TRUE AND ACCURATE TRANSCRIPT
OF SAID PROCEEDINGS.

/s/ CAROLYN E. HIGH     07/12/23
CAROLYN E. HIGH         DATE
Contract Court Reporter